# EXHIBIT A

**COPY**

FEB 0 5 2019

CLERK OF THE SUPERIOR COURT
A. HATCH
DEPUTY CLERK

| | |
|---|---|
| 1 | **GOLDBERG & OSBORNE, LLP** |
| 2 | 2815 S. Alma School Rd., #122 |
| | Mesa, Arizona  85210 |
| 3 | Phone: (602) 808-6300 |
| 4 | **Douglas L. Settel, #019293** |
| | dsettel@goldbergandosborne.com |
| 5 | **Amanda L. Boardman, #030061** |
| | aboardman@1800theeagle.com |
| 6 | Attorneys for Plaintiff |

7

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8

9              **IN AND FOR THE COUNTY OF MARICOPA**

10  DAVID WILMES, individually and in his          **NO:** CV2019-091449
11  capacity as surviving husband of
    JENNIFER PRZYGOCKI, decedent,
12
                                                  **COMPLAINT**
13       Plaintiff,
                                                  **(Wrongful Death)**
14  vs.

15  MICHAEL BINDER and JANE DOE
16  BINDER, a married couple; HERITAGE
    MANAGEMENT GROUP, INC., a Florida
17  corporation, INDIAN RIVER
    TRANSPORT CO.,  a Florida corporation;
18  JOHN DOES I-V; JANE DOES I-V,
19  fictitious individuals; ABC
    CORPORATIONS and/or
20  PARTNERSHIPS and/or SOLE
21  PROPRIETORSHIPS and/or JOINT
    VENTURES, I-X; fictitious entities.
22
23       Defendants.
24

25
26       Plaintiff, DAVID WILMES, by and through counsel undersigned, for his
27  Complaint, against Defendants alleges as follows:
28

1.     Venue and jurisdiction are proper in Maricopa County, Arizona.

2.     Plaintiff, DAVID WILMES, is a resident of Watonwan County, Minnesota.

3.     Upon information and belief, Defendants MICHAEL BINDER and JANE DOE BINDER, were a married couple and residents of Matagorda County, Texas.

4.     All acts complained of herein occurred in furtherance of the Defendants' respective marital communities.

5.     Defendant HERITAGE MANAGEMENT GROUP, INC. is a Florida Corporation legally authorized to do and is doing business, in the State of Arizona. All acts and events complained of herein occurred in Maricopa County, Arizona.

6.     Defendant INDIAN RIVER TRANSPORT CO. is a Florida Corporation authorized to and doing business in the State of Arizona, and caused an event to occur in Maricopa County, Arizona that is the subject of Plaintiff's Complaint herein.

7.     ABC Partnerships 1-10 are Arizona or foreign general or limited partnerships whose identities are presently unknown to Plaintiff, and who committed some or all of the acts complained of herein.

8.     XYZ Corporations 1-10 are Arizona or foreign corporations whose identities are presently unknown to Plaintiff, and who committed some or all of the acts complained of herein.

9.     The identities of the fictitiously named Defendants are presently unknown to Plaintiff and leave of Court will be sought to amend this Complaint once their identities are discovered.

10.     Defendants caused events to occur in the State of Arizona out of which the cause of action alleged herein arose.

11.     Plaintiff alleges that at the time of the events set forth in this Complaint, Defendant MICHAEL BINDER was an employee, servant and/or agent of the Defendants INDIAN RIVER TRANSPORT CO. and/or HERITAGE MANAGEMENT GROUP, INC., and was acting within the course and scope of employment or under their care, direction and/or control.

12.     The amount of controversy satisfies the jurisdictional requirement of the Superior Court and pursuant to Rule 26.2(c), should be assigned to Tier 3.

## GENERAL ALLEGATIONS

13.     Plaintiff realleges paragraphs 1-12.

14.     On or about November 20, 2017, JENNIFER PRZYGOCKI died from injuries sustained in a motor vehicle collision at or near the intersection of 23rd Street and Hardy Drive in Tempe, Arizona.

15.     On said date, Plaintiff DAVID WILMES and Decedent JENNIFER PRZYGOCKI were a married couple and residents of Maricopa County, Arizona.

16.     At said time and place, Defendant MICHAEL BINDER operated a fully loaded semi-tank trailer.  While stopped at the intersection of 23rd Street and Hardy Drive, Defendant suddenly and without warning reversed the trailer and collided with the front of the scooter operated by DAVID WILMES.  At the time of said collision, Decedent JENNIFER PRZYGOCKI was a passenger seated directly behind DAVID WILMES.

17.    As a result of the collision caused by Defendant MICHAEL BINDER, Plaintiff DAVID WILMES was thrown from the scooter and suffered physical injury.

18.    As a result of the collision caused by Defendant MICHAEL BINDER, JENNIFER PRZYGOCKI suffered fatal trauma to her head and upper torso and was pronounced deceased at the scene.  DAVID WILMES observed the trauma to Decedent during the collision as it occurred in real time.

## COUNT I – WRONGFUL DEATH

19.    Plaintiff realleges paragraphs 1-18.

20.    Defendant MICHAEL BINDER negligently and carelessly operated his semi-tractor trailer when he collided with the scooter upon which DAVID WILMES and JENNIFER PRZYGOCKI rode.  Defendant failed to maintain a proper look out and provide adequate warning to motorists in his path of travel.

21.    Defendant MICHAEL BINDER was cited at the scene pursuant to A.R.S. § 891 A for unsafe backing.

22.    Pursuant to A.R.S. §12-611 et. Seq., DAVID WILMES is entitled to bring this action for the death of JENNIFER PRZYGOCKI on his own behalf.

23.    Upon information and belief, Defendant MICHAEL BINDER was acting within the course and scope of his employment with Defendant INDIAN RIVER TRANSPORT CO. or was under its care, direction, and/or control. Therefore, INDIAN RIVER TRANSPORT CO. is liable for the negligent actions of Defendant MICHAEL BINDER by operation of law pursuant to the doctrine of respondeat superior.

24. Upon information and belief, Defendant INDIAN RIVER TRANSPORT CO. is a wholly owned subsidiary of Defendant HERITAGE MANAGEMENT GROUP, INC.

25. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered great shock, horror, grief, and severe emotional distress and has lost the affection, companionship, care, and guidance of the Decedent,

26. As a further direct and proximate result of Defendants' acts and/or omissions as alleged in the Complaint, Plaintiff has sustained special damages including, but not limited to, the value of the Decedent's loss of wages and financial support, as well as medical and funeral expenses.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

27. Plaintiff realleges paragraphs 1-25.

28. Defendants' negligence created an unreasonable risk of bodily harm to Plaintiff as he was operating the scooter at the time of the accident.

29. Defendants' negligence was a cause of bodily harm to Plaintiff.

30. Plaintiff's direct observation of the event and trauma resulting in the death of JENNIFER PRZYGOCKI caused Plaintiff to suffer severe emotional distress.

31. The emotional distress suffered by the Plaintiff has resulted in past and ongoing physical injury or illness.

32. Due to Plaintiff's close personal relationship with Decedent, Defendants' negligence has caused Plaintiff physical injury and emotional distress which has

resulted in damages including, but not limited to, loss of wages, medical expenses, and mental suffering.

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

A.   For the reasonable value of the past and future loss of affection, companionship, care, and guidance from the Decedent in an amount to be determined at trial.

B.   For the reasonable value of the past and future pain, grief, sorrow, stress, shock, and mental suffering of the Plaintiff in an amount to be determined at trial.

C.   For the reasonable value of the Decedent's past and future loss of income and services.

D.   For the reasonable value of Decedent's funeral and burial expenses.

E.   For the reasonable value of medical care and services rendered to the Decedent.

F.   For the reasonable value of Plaintiff's loss of earnings and medical expense.

G.   For such other and further relief that the Court deems just and proper.

DATED this 5th day of February, 2019.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GOLDBERG & OSBORNE**

Douglas L. Settel, Esq.
Amanda L. Boardman, Esq.
Attorneys for Plaintiff

COPY
FEB 05 2019
CLERK OF THE SUPERIOR COURT
A. HATCH
DEPUTY CLERK

1    **GOLDBERG & OSBORNE, LLP**
2    2815 S. Alma School Rd., #122
     Mesa, Arizona 85210
3    Phone: (602) 808-6300
     **Douglas L. Settel, #019293**
4    dsettel@goldbergandosborne.com
5    **Amanda L. Boardman, #030061**
     aboardman@1800theeagle.com
6    Attorneys for Plaintiff

7

8            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9              IN AND FOR THE COUNTY OF MARICOPA

10   DAVID WILMES, individually and in his       NO: ___CV2019-091449___
     capacity as surviving husband of
11   JENNIFER PRZYGOCKI, decedent,
12
             Plaintiff,                           **CERTIFICATE REGARDING**
13                                                **COMPULSORY ARBITRATION**

14   vs.

15   MICHAEL BINDER and JANE DOE
16   BINDER, a married couple; HERITAGE
     MANAGEMENT GROUP, INC., a Florida
17   corporation, INDIAN RIVER
     TRANSPORT CO.,  a Florida corporation;
18   JOHN DOES I-V; JANE DOES I-V,
19   fictitious individuals; ABC
     CORPORATIONS and/or
20   PARTNERSHIPS and/or SOLE
21   PROPRIETORSHIPS and/or JOINT
     VENTURES, I-X; fictitious entities.
22
23           Defendants.
24

25           Pursuant to Rule 72(e)(1), Arizona Rules of Civil Procedure on Compulsory

26   Arbitration, Plaintiff, through undersigned counsel, certifies that he knows the dollar limits

27

28

                                         -8-

1  and any other limitations set forth by the local rules of practice for the applicable superior

2  court, and further certifies that this case **IS NOT** subject to compulsory arbitration, as

3  provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

4

5  DATED this __5th__ day of February, 2019.

6

7                                          **GOLDBERG & OSBORNE**

8

9                                          Douglas L. Settel, Esq.
                                           Amanda L. Boardman, Esq.
10                                         Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**GOLDBERG & OSBORNE, LLP**
2815 S. Alma School Rd., #122

2

Mesa, Arizona  85210

3

Phone: (602) 808-6300

4

**Douglas L. Settel, #019293**
dsettel@goldbergandosborne.com

5

**Amanda L. Boardman, #030061**
aboardman@1800theeagle.com

6

Attorneys for Plaintiff

ORIGINAL

7

8

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9

**IN AND FOR THE COUNTY OF MARICOPA**

10

DAVID WILMES, individually and in his

NO:  CV 2019-091449

11

capacity as surviving husband of
JENNIFER PRZYGOCKI, decedent,

12

13

Plaintiff,

**SUMMONS**

14

vs.

15

16

MICHAEL BINDER and JANE DOE
BINDER, a married couple; HERITAGE

17

MANAGEMENT GROUP, INC., a Florida
corporation, INDIAN RIVER

If you would like legal advice from a lawyer
contact the La  yer R    ral Service at
602-257-44

18

TRANSPORT CO.,  a Florida corporation;
JOHN DOES I-V; JANE DOES I-V,

19

fictitious individuals; ABC

or

20

CORPORATIONS and/or

maricopalawyers.org

21

PARTNERSHIPS and/or SOLE
PROPRIETORSHIPS and/or JOINT

the

22

VENTURES, I-X; fictitious entities.

Maricopa County Bar Association

23

Defendants.

24

25

26

THE STATE OF ARIZONA TO THE DEFENDANTS

27

**HERITAGE MANAGEMENT GROUP, INC.**

28

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this court.  If served within Arizona, you appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service.  If served out of the State of Arizona -- whether by direct service, by registered or certified mail, or by publication -- you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service.  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer to plead until expiration of 40 days after date of such service upon the Director.   Service by registered or certified mail within the State of Arizona is complete 30 days after the date of receipt by the party being served.  Service by publication is complete 30 days after the date of first publication.  Direct service is complete when made.   Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return, RCP 4; ARS Sections 20-222, 28-502, 28-503.

Copies of the pleadings filed herein may be obtained by contacting the Clerk of the Superior Court, Maricopa County, located at 222 E. Javelina, Mesa, Arizona  85210.

**YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.   REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST THREE JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.**

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of the Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. RCP 10(d); ARS § 12-311, RCP 5.

ADR Notification – Requests for reasonable accommodation for persons with disabilities must be made to the court by the parties at least three (3) working days in advance of a scheduled court proceeding.

Interpreter Notification – Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case by parties at least ten (10) judicial days in advance of a scheduled court proceeding.

//

-14-

1

The name and address of Plaintiff's attorney is:

2

Douglas L. Settel, Esq.

Amanda L. Boardman, Esq.

3

GOLDBERG & OSBORNE

2815 S. Alma School Rd., #122

4

Mesa, Arizona  85210

5

6

SIGNED AND SEALED THIS DATE:

7

FEB 0 5 2019

8

By_____

JEFF FINE, CLERK

9

Clerk

10

By_____

11

Deputy Clerk

A. Hatch

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **GOLDBERG & OSBORNE, LLP**
2  2815 S. Alma School Rd., #122
   Mesa, Arizona 85210
3  Phone: (602) 808-6300
   **Douglas L. Settel, #019293**
4  dsettel@goldbergandosborne.com
5  **Amanda L. Boardman, #030061**
   aboardman@1800theeagle.com
6  Attorneys for Plaintiff

7
   **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
8
9  **IN AND FOR THE COUNTY OF MARICOPA**

10 DAVID WILMES, an individual in his          NO:  CV2019-091449
   capacity as surviving husband of
11 JENNIFER WILMES, decedent,
12                                             **ACCEPTANCE AND WAIVER OF**
13        Plaintiff,                                       **SERVICE**
14 vs.
15
   MICHAEL BINDER and JANE DOE
16 BINDER, a married couple; HERITAGE
17 MANAGEMENT GROUP, INC., a Florida
   corporation, INDIAN RIVER
18 TRANSPORT CO.,  a Florida corporation;
19 JOHN DOES I-V; JANE DOES I-V,
   fictitious individuals; ABC
20 CORPORATIONS and/or
   PARTNERSHIPS and/or SOLE
21 PROPRIETORSHIPS and/or JOINT
22 VENTURES, I-X; fictitious entities.
23        Defendants.
24

25
26        I, David L. Stout, Esq., am authorized to and do hereby accept service of the

27 Summons, Complaint and Certificate of Arbitration in this matter on behalf of Defendant,

28

                                        -1-

INDIAN RIVER TRANSPORT CO. I have received two copies of these instruments and a means by which I can return the signed waiver to you without cost to me.

Defendant INDIAN RIVER TRANSPORT CO. agrees to save the cost of service of a Summons in this lawsuit and the additional copies of the documents referenced above by not requiring that Defendants be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure and agree that this action may proceed as though these Defendants have been personally served within the State.

Defendant INDIAN RIVER TRANSPORT CO. will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the Summons or in the service of the Summons.

I understand that a Judgment may be entered against Defendant INDIAN RIVER TRANSPORT CO. if an Answer or Motion under Rule 12, Arizona Rules of Civil Procedure, is not filed with the Court and served upon Plaintiff's attorneys within sixty (60) days after April 16, 2019, or within ninety (90) days after that date if the request was sent outside the United States.

SIGNED AND ACCEPTED this _18th_ day of April, 2019.

By: _____
Phillip H. Stanfield, Esq.
David L. Stout, Esq.
JONES, SKELTON & HOCHULI, P.L.C.
*Attorneys for Defendants*

1
2
3
4

**<u>CERTIFICATE OF SERVICE</u>**

5
6

ORIGINAL of the foregoing e-filed
this 18th day of April, 2019, with:

7

Maricopa County Superior Court

8
9

COPY of the foregoing mailed
This 18th day of April, 2019 to:

10

Phillip H. Stanfield

11

David L. Stout
JONES, SKELTON & HOCHULI, P.L.C.

12

40 N. Central Ave., Suite 2700

13

Phoenix, Arizona 850004
*Attorneys for Defendants*

14

15

By: Carrie Foote

16
17
18
19
20
21
22
23
24
25
26
27
28

Granted as Submitted
***See eSignature page***

Case 2:19-cv-03184-SMB   Document 1-3   Filed 05/16/19   Page 17 of 23

Clerk of the Superior Court
*** Electronically Filed ***
M. Kay, Deputy
4/30/2019 8:00:00 AM
Filing ID 10400134

**GOLDBERG & OSBORNE, LLP**
2815 S. Alma School Rd., #122
Mesa, Arizona  85210
Phone: (602) 808-6300
**Douglas L. Settel, #019293**
dsettel@goldbergandosborne.com
**Amanda L. Boardman, #030061**
aboardman@1800theeagle.com
Attorneys for Plaintiff

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| DAVID WILMES, individually and in his capacity as surviving husband of JENNIFER PRZYGOCKI, decedent,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL BINDER and JANE DOE BINDER, a married couple; HERITAGE MANAGEMENT GROUP, INC., a Florida corporation, INDIAN RIVER TRANSPORT CO.,  a Florida corporation; JOHN DOES I-V; JANE DOES I-V, fictitious individuals; ABC CORPORATIONS and/or PARTNERSHIPS and/or SOLE PROPRIETORSHIPS and/or JOINT VENTURES, I-X; fictitious entities.<br><br>    Defendants. | **NO:  CV2019-091449**<br><br>**ORDER EXTENDING ABATEMENT DEADLINE**<br><br><br>(Assigned to Hon. Tracey Westerhausen) |

The Court having reviewed Plaintiff's Expedited Motion and for good cause appearing,

1    **IT IS ORDERED** extending the time limit of Service of Process for ninety (90) days

2  until August 6, 2019.

3    DATED this _____ day of _____, 2019.

4

5

6

7    _____

8    Honorable Tracey Westerhausen

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# eSignature Page 1 of 1

Filing ID: 10400134   Case Number: CV2019-091449
Original Filing ID: 10388021

Granted as Submitted



/S/ Tracey Westerhausen Date: 4/29/2019
Judicial Officer of Superior Court

## ENDORSEMENT PAGE

CASE NUMBER: CV2019-091449

SIGNATURE DATE: 4/29/2019

E-FILING ID #: 10400134

FILED DATE: 4/30/2019 8:00:00 AM

AMANDA L. BOARDMAN

DAVID LEE STOUT JR.

DOUGLAS L SETTEL

PHILLIP H STANFIELD

MICHAEL BINDER
NO ADDRESS ON RECORD

EXHIBIT B

1  Phillip H. Stanfield, Bar #011729
   David L. Stout, Jr., Bar #024857
2  JONES, SKELTON & HOCHULI, P.L.C.
   40 North Central Avenue, Suite 2700
3  Phoenix, Arizona  85004
   Telephone:  (602) 263-1745
4  Fax:  (602) 200-7877
   pstanfield@jshfirm.com
5  dstout@jshfirm.com
   minuteentries@jshfirm.com
6
   Attorneys for Defendant Indian River
7  Transport Co.

8                 **SUPERIOR COURT OF THE STATE OF ARIZONA**
9
                          **COUNTY OF MARICOPA**
10
11 | DAVID WILMES, individually and in his | NO. CV2019-091449 |
   | capacity as surviving husband of JENNIFER | |

DAVID WILMES, individually and in his capacity as surviving husband of JENNIFER PRZYGOCKI, decedent,

                                    Plaintiff,

        v.

MICHAEL BINDER and JANE DOE BINDER, a married couple; HERITAGE MANAGEMENT GROUP, INC., a Florida corporation, INDIAN RIVER TRANSPORT, CO., a Florida corporation; JOHN DOES I-V; JANE DOES I-V, fictitious individuals; ABC CORPORATIONS and/or PARTNERSHIPS and/or SOLE PROPRIETORSHIPS and/or JOINT VENTURES, I-X; fictitious entities,

                                    Defendants.

NO. CV2019-091449

**DEFENDANT INDIAN RIVER TRANSPORT CO.'S NOTICE OF FILING NOTICE OF REMOVAL IN UNITED STATES DISTRICT COURT**

**(Tier 3)**

(Assigned to the Honorable Tracey Westerhausen)

        Defendant  Indian  River  Transport  Co.,  by  and  through  undersigned  counsel,
pursuant  to  28  U.S.C.  §§  1331,  1441,  and  1446,  notify  this  Court  that  it  filed  a  Notice  of
Removal of this action to the United States District Court for the District of Arizona.  A copy of
the Notice of Removal (exclusive of exhibits) is attached as Exhibit A

7608972.1

1    DATED this 16th day of May 2019.

2                                    JONES, SKELTON & HOCHULI, P.L.C.

3

4                                    By /s/David L. Stout, Jr.
                                     _____
5                                    Phillip H. Stanfield
                                     David L. Stout, Jr.
6                                    40 North Central Avenue, Suite 2700
                                     Phoenix, Arizona  85004
7                                    Attorneys for Respondent Indian River Transport
                                     Co.
8

9    ORIGINAL of the foregoing electronically filed
     this 16th day of May 2019.

10
     COPY of the foregoing mailed/e-mailed
11   this 16th day of May 2019, to:

12   Doug Settel
     Amanda L. Boardmam
13   Goldberg & Osborn
     2815 South Alma School Road, #122
14   Mesa, Arizona  85210
     Attorneys for Plaintiff
15
     /s/Victoria G. Wells
16   _____

17

18

19

20

21

22

23

24

25

26